IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | | |
|---|---|---|---|
| ANTHONY GILLIHAN, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | CIVIL ACTION | |
| vs. | ) | | |
| | ) | FILE No. | |
| NUGENT STREET HOLDINGS, LLC and | ) | | |
| BENT TREE PLAZA S/C, LTD., | ) | | |
| | ) | | |
| Defendants. | ) | | |

## COMPLAINT

COMES NOW, ANTHONY GILLIHAN, by and through the undersigned counsel, and files this, his Complaint against Defendants, NUGENT STREET HOLDINGS, LLC and BENT TREE PLAZA S/C, LTD., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").   In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq*., based upon Defendants' NUGENT STREET HOLDINGS, LLC and BENT TREE PLAZA S/C, LTD., failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.      Plaintiff ANTHONY GILLIHAN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Dallas County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in

1

performing one or more major life activities, including but not limited to: walking and standing.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to The Island Spot and the Property as soon as it is accessible ("Advocacy Purposes").

7.      Defendant, NUGENT STREET HOLDINGS, LLC (hereinafter "NUGENT STREET HOLDINGS, LLC"), is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

8.      Defendant, NUGENT STREET HOLDINGS, LLC, may be properly served with process via its registered agent for service, to wit: c/o Richard Glenn Thomas, Registered Agent, 2500 N. Houston Street, Apt. 2707, Dallas, TX 75219.

9.      Defendant, BENT TREE PLAZA S/C, LTD. (hereinafter "BENT TREE PLAZA S/C, LTD."), is a Texas limited company that transacts business in the State of Texas and within this judicial district.

10.     Defendant, BENT TREE PLAZA S/C, LTD., may be properly served with process via its registered agent for service, to wit: c/o Haddon O. Winckler, Registered Agent, 16475 Dallas Parkway, Suite 800, Addison, TX 75001.

**FACTUAL ALLEGATIONS**

11.     On or about January 18, 2020, Plaintiff was a customer at "The Island Spot," a business located at 2661 Midway Road, Carrollton, TX  75006, referenced herein as the "The Island Spot" and operated by Defendant, NUGENT STREET HOLDINGS, LLC.  Attached please find the Receipt of Plaintiff's purchase.  Attached as Exhibit 1.  Also attached, please find a photograph documenting Plaintiff's visit.  Attached as Exhibit 2.

12.     NUGENT STREET HOLDINGS, LLC is the lease or sub-lessee of the real property and improvements that are the subject of this action.

13.     BENT TREE PLAZA S/C, LTD. is the owner or co-owner of the real property and improvements that is the subject of this action, referenced herein as the "Property."

14.     Plaintiff lives 4 miles from The Island Spot and the Property.

15.     Plaintiff's access to the business(es) located at 2661 Midway Road, Carrollton, TX   75006, Dallas County Property Appraiser's parcel identification number 140280000C0030000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, NUGENT STREET HOLDINGS, LLC and BENT TREE PLAZA S/C, LTD., are compelled to remove the physical barriers to access and correct the ADA violations that exist at The Island Spot and the Property, including those set forth in this Complaint.

16.     Plaintiff has visited The Island Spot and the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting The Island Spot and the Property within six months after the barriers to access detailed in this Complaint are removed and The Island Spot and the Property is accessible again.  The purpose of the revisit is to be a

3

return customer, to determine if and when The Island Spot and the Property is made accessible and to maintain sanding for this lawsuit for Advocacy Purposes.

17.     Plaintiff intends on revisit The Island Spot and the Property to purchase goods and/or services as a return customer living in the near vicinity as well as for Advocacy Purposes but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

18.     Plaintiff travelled to The Island Spot and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access The Island Spot and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at The Island Spot and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.*

20.     Congress found, among other things, that:

(i)      some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)     historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)    discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health

services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

21.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

22.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

23.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

24.    The Island Spot is a public accommodation and service establishment.

25.     The Property is a public accommodation and service establishment.

26.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

28.     The Island Spot must be, but is not, in compliance with the ADA and ADAAG.

29.     The Property must be, but is not, in compliance with the ADA and ADAAG.

30.      Plaintiff has attempted to, and has to the extent possible, accessed The Island Spot and the Property in his capacity as a customer at The Island Spot and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at The Island Spot and the Property that preclude and/or limit his access to The Island Spot and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31.     Plaintiff intends to visit The Island Spot and the Property again in the very near future as a return customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at The Island Spot and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at The Island Spot and the Property that preclude and/or limit his access to The Island Spot and

the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32.     Defendants, NUGENT STREET HOLDINGS, LLC and BENT TREE PLAZA S/C, LTD., have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of The Island Spot and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33.     Defendants, NUGENT STREET HOLDINGS, LLC and BENT TREE PLAZA S/C, LTD., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, NUGENT STREET HOLDINGS, LLC and BENT TREE PLAZA S/C, LTD., are compelled to remove all physical barriers that exist at The Island Spot and the Property, including those specifically set forth herein, and make The Island Spot and the Property accessible to and usable by Plaintiff and other persons with disabilities.

34.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to The Island Spot and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of The Island Spot and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)     In front of Unit 106, due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route coupled with the presence of a large wooden enclosure close to the parking spaces, vehicles routinely pull up all

7

the way to the curb and the "nose" of the vehicle extends into the access route causing the exterior access route to routinely have clear widths below the minimum thirty-six (36") inch requirement specified by Section 403.5.1 of the 2010 ADAAG Standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(ii)    In front of Unit 106, due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route coupled with the presence of a large wooden enclosure close to the parking spaces, vehicles routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route as a result, in violation of Section 502.7 of the 2010 ADAAG Standards, parking spaces are not properly designed so that parked cars and vans cannot obstruct the required clear width of adjacent accessible routes.

(iii)   Near Unit 116, the accessible parking space and associated access aisle have a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and are not level. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iv)    Near Unit 116, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(v)     Near Unit 116, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010

8

ADAAG Standards.  This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(vi)   Near Unit 116, the accessible parking space is not level due to the presence of an accessible ramp in the accessible parking space in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vii)   Near Unit 116, the accessible curb ramp is improperly protruding into the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(viii)   Near Unit 116, the accessible parking space has excessive vertical rises, is not level and therefore in violation of Sections 303.2 and 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ix)   Near Unit 116, the access aisle (near the base of the ramp) has excessive vertical rise and is in violation of Sections 303.2 and 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(x)   Near Unit 116, the Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xi)     Near Unit 117, the accessible parking space and associated access aisle have a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and are not level. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xii)    Near Unit 117, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xiii)   Near Unit 117, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(xiv)    The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards. There are approximately 92 total parking spaces, requiring four accessible parking spaces but there are only three accessible parking spaces. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(xv)     The Property lacks an accessible route from the sidewalk to the accessible entrance in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property arriving from the sidewalk using public transportation like a bus.

(xvi)    Inside Island Spot, the bar is lacking any portion of the counter that has a maximum height of 34 (thirty-four) inches from the finished floor in violation of

Section 902.3 of the 2010 ADAAG standards, all portions of the bar exceed 34 (thirty-four) inches in height from the finished floor. This violation made it difficult for Plaintiff to enjoy the unique eating experience at the bar.

(xvii)   At Island Spot, there is not at least 5% (five percent) of the exterior dining surfaces provided for consumption of food or drink which complies with Section 902.3 requiring the maximum height of the dining surface to be maximum 34 (thirty-four) inches above the finished floor in violation of Section 226.1 of the 2010 ADAAG standards.

(xviii) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**ISLAND SPOT RESTROOMS**

(i)   The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(ii)   The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards as it doesn't have braille and is in the wrong location. This would make it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(iii)   Restrooms have a pedestal sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

11

(iv)    The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v)    The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation would make it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

(i)    The restroom has a recessed floor drain that creates an excessive vertical rise in the floor in violation of Section 303.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

35.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at The Island Spot and the Property.

36.    Plaintiff requires an inspection of The Island Spot and the Property in order to determine all of the discriminatory conditions present at The Island Spot and the Property in violation of the ADA.

37.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38.    All of the violations alleged herein are readily achievable to modify to bring The Island Spot and the Property into compliance with the ADA.

12

39.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at The Island Spot and the Property is readily achievable because the nature and cost of the modifications are relatively low.

40.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at The Island Spot and the Property is readily achievable because Defendants, NUGENT STREET HOLDINGS, LLC and BENT TREE PLAZA S/C, LTD., have the financial resources to make the necessary modifications as the Property is valued by the Dallas Central Appraisal District at $1,606,330.00

41.     Upon information and good faith belief, The Island Spot and the Property has been altered since 2010.

42.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, NUGENT STREET HOLDINGS, LLC and BENT TREE PLAZA S/C, LTD., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at The Island Spot and the Property, including those alleged herein.

44.     Plaintiff's requested relief serves the public interest.

45.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, NUGENT STREET HOLDINGS, LLC and BENT TREE PLAZA S/C, LTD.

46.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of

litigation from Defendants, NUGENT STREET HOLDINGS, LLC and BENT TREE PLAZA S/C, LTD., pursuant to 42 U.S.C. §§ 12188 and 12205.

47.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, NUGENT STREET HOLDINGS, LLC and BENT TREE PLAZA S/C, LTD., to modify The Island Spot and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, NUGENT STREET HOLDINGS, LLC, in violation of the ADA and ADAAG;

(b)     That the Court find Defendant, BENT TREE PLAZA S/C, LTD., in violation of the ADA and ADAAG;

(c)     That the Court issue a permanent injunction enjoining Defendants, NUGENT STREET HOLDINGS, LLC and BENT TREE PLAZA S/C, LTD., from continuing their discriminatory practices;

(d)     That the Court issue an Order requiring Defendants, NUGENT STREET HOLDINGS, LLC and BENT TREE PLAZA S/C, LTD., to (i) remove the physical barriers to access and (ii) alter the subject The Island Spot and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

14

(f)      That the Court grant such further relief as deemed just and equitable in light of the

circumstances.

Dated: February 24, 2020

Respectfully submitted,

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Northern District of Texas ID No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

Law Offices of
LIPPE & ASSOCIATES

Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com